UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| -v- | 13-CR-66 (JPO) |
| NICHOLAS COOPER,<br>                              Defendant. | ORDER |

J. PAUL OETKEN, District Judge:

On May 21, 2020, Defendant Nicholas Cooper filed a motion for release under the First

Step Act, 18 U.S.C. § 3582(c)(1)(a)(i), arguing that the risks created by the COVID-19 pandemic

and by the conditions at FCI Fort Dix, where he is incarcerated, justify his release to home

confinement.  The Government has filed a response and Defendant has filed a reply.  (*See* Dkt.

Nos. 33, 34.)  The Court heard argument on Defendant's motion on June 8, 2020.  For the

reasons that follow, Defendant's motion is granted.

I.      **Legal Standard**

A court may not modify a term of imprisonment once it has been imposed except

pursuant to statute."  *United States v. Gotti*, No. 02-CR-743, 2020 WL 497987, at *1 (S.D.N.Y.

Jan. 15, 2020).  A court is permitted to reduce a term of imprisonment if, after considering the

factors in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant

such a reduction . . . and that such a reduction is consistent with the applicable policy statements

issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The First Step Act allows a

court to reduce a sentence in this manner "upon motion of the defendant" either "after the

defendant has fully exhausted all administrative remedies to appeal a failure of the Bureau of

Prisons to bring a motion on the defendant's behalf," or after "the lapse of 30 days from the

receipt of such a request by the warden of the defendant's facility, whichever is earlier."  *Id.*

## II.    Discussion

Defendant pleaded guilty in 2013 to one count of enticing a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b).  He was sentenced by this Court to the statutory mandatory minimum term of 10 years' imprisonment.  His projected release date is April 24, 2022.  At the time of his offense Defendant was 22 years old.  He is now 32 years old.

Defendant submitted a request for early release to the warden at Fort Dix on April 13, 2020.  The warden denied that request on May 5, 2020.  Because 30 days have passed since the submission of Defendant's request to the warden, this Court has the statutory authority to grant early release under § 3582(c)(1)(A).

### A.    Extraordinary and Compelling Reasons

Turning to the merits of Defendant's motion, the Court finds that there are "extraordinary and compelling reasons" warranting a reduction in his sentence.  The applicable policy statement, U.S.S.G. § 1B1.13, outlines four circumstances that constitute "extraordinary and compelling reasons" and thus justify a sentence reduction.  One of those circumstances is where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A).  The policy statement also requires that the defendant not pose "a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(2).

The COVID-19 pandemic poses health challenges that are themselves extraordinary.  The novel coronavirus has infiltrated many of the BOP's prisons and jails, affecting inmates and staff.  "The nature of prisons — crowded, with shared sleeping spaces and common areas, and often with limited access to medical assistance and hygienic products — put those incarcerated

inside a facility with an outbreak at heightened risk." *United States v. Park*, No. 16-CR-473 2020 WL 1970603, *2 (S.D.N.Y. Apr. 24, 2020).

Defendant suffers from asthma, a condition he has had since childhood.  He has a prior history of hospitalizations for pneumonia and bronchitis.  He has been prescribed an inhaler, which he has been using multiple times a day.  These conditions significantly increase the risk that, if Defendant contracts COVID-19, he may face serious illness and potentially death.  He also has other health conditions that present challenges for self-care.

At Fort Dix, at least 22 inmates have testified positive for COVID-19.  Although the infections appear to have been at the "Fort Dix – Camp" facility rather than "Fort Dix – Low," where Defendant is housed, there is significant risk of infections at Defendant's facility, both from the movement of prison staff between the adjacent facilities and from the movement of inmates generally.  And due to the lack of testing at BOP facilities — a state of affairs that hopefully is in the process of being remedied — there may already be infections at Defendant's facility.  Because it is virtually impossible to enforce effective physical distancing in a prison setting with shared cells, shared bathrooms, and shared dining facilities, the risk of spread of the coronavirus is significantly increased in prison.

As indicated at sentencing, the Court believes that Defendant is remorseful for his offense and is not likely to reoffend.  He had no convictions before this offense, and he has had no disciplinary infractions while incarcerated.  The Government does not argue that Defendant poses a danger to society or to other persons in the community.  The Court finds that he does not pose such a danger.

Accordingly, the Court finds that the COVID-19 pandemic, coupled with Defendant's physical and medical condition and the conditions at Defendant's prison facility, provide "extraordinary and compelling reasons" for reducing his sentence.

### B.       Section 3553(a) Factors

The Court has also considered all of the sentencing factors set forth in 18 U.S.C. § 3553(a).  As explained by the Court at sentencing, Defendant's crime was serious.  But Defendant has now served over two-thirds of a decade-long incarceratory sentence.  The time he has served — followed by a period of home detention and supervised release subject to appropriate conditions — is sufficient to comply with the purposes of just punishment, respect for the law, deterrence, and protecting the public.  As noted, the Court does not believe that Defendant's release will pose a danger to society.  Moreover, Defendant's freedom will be restricted during a period of home detention with location monitoring, and he will be subject to strict probationary constraints for five years.  (*See* Dkt. No. 24.)  Finally, early release will allow greater opportunity for treatment and medical care that Defendant may need.

The home of Defendant's parents in Danville, Pennsylvania provides a suitable place for Defendant to live during the period of home detention.  The Court does not see the need for home detention for the entirety of the period through Defendant's release date (April 24, 2022). Therefore, the Court will impose the condition of home detention through the end of 2020.

The Court concludes that a sentence that is "sufficient, but not greater than necessary," to comply with the purposes of sentencing, 18 U.S.C. § 3553(a), is a sentence of time served, followed by a term of supervised release that includes home detention with location monitoring through December 31, 2020.

### III.   Conclusion

For the foregoing reasons, Defendant Nicholas Cooper's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(a)(i) is GRANTED.

Defendant is hereby resentenced to TIME SERVED, and shall be released from the custody of the Bureau of Prisons immediately.

Upon release, Defendant shall immediately be placed on supervised release status, with a special condition of home detention through December 31, 2020, with location monitoring as directed by the Probation Department.

Upon release, Defendant shall self-quarantine at his parents' home for a period of at least 14 days.

For a period of five years from his release, Defendant shall be subject to all the mandatory conditions, standard conditions, and special conditions of supervised release from the original judgment and sentence in this case.

During the period of supervised release, Defendant shall possess or have access to a telephone that allows videoconferencing with the Probation Department.

SO ORDERED.

Dated: June 11, 2020
New York, New York

_____
J. PAUL OETKEN
United States District Judge